UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:24-CV-00112-RGJ

**JENNIFER ENGLISH**                                                                                                        **PLAINTIFF**

**VS.**

**EQUIFAX INFORMATION SERVICES, LLC**                                        **DEFENDANT**

**MEMORANDUM OPINION & ORDER**

This case was removed from state court on October 31, 2024. [DE 1]. [DE 7]. Since then, no answer was filed by Defendant Equifax Information Services, LLC's ("Equifax") or defendant Trans Union, LLC ("Trans Union"). On December 9, 2024 the Court ordered Plaintiff to show cause in writing within 14 days why this action should not be dismissed for failure to prosecute. [DE 5]. On December 10, 2024, Plaintiff and Trans Union submitted an agreed order of dismissal as to Plaintiff's claims against Trans Union, which the Court entered. [DE 6, DE 7]. Nothing has been filed by Plaintiff in response to the Court's show cause order on Equifax. The 14-day deadline for Plaintiff to respond to why this case should not be dismissed for failure to prosecute has passed and the docket reflects no action.

The Court has authority to dismiss a defendant and claims against the defendant for a plaintiff's failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, or failure to comply with a court order. Fed. R. Civ. P. 41(b); *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008). The Sixth Circuit employs a four-factor analysis for determining whether dismissal pursuant to Rule 41(b) for failure to prosecute is warranted:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). Additionally, the less stringent standards applied to *pro se* pleadings do not apply to "readily comprehended court deadlines." *Jourdan v. Jabe*, 951, F.2d 108, 110 (6th Cir. 1991).

As to the first factor, the docket reflects no action by the Plaintiff since the case was removed from state court other than dismissing Trans Union. No answer was filed by Equifax and Plaintiff has taken no action. Plaintiff has failed to respond to the Court's show-cause order and several weeks have passed since that deadline expired. Plaintiff is not making effort to prosecute the case against Equifax. The second factor is somewhat neutral. As to the third factor, Plaintiff was warned that her case was subject to dismissal for failure to prosecute as she was ordered to show cause as to why the case should not be dismissed for failure to prosecute. Plaintiff failed to respond to that order. Finally, given the totality of the circumstances and failure to prosecute this action, an order compelling compliance and ordering sanctions is unlikely to result in cooperation. Because Plaintiff failed to prosecute her case against Equifax, and failed to comply with Court orders, Plaintiff's claims against Equifax should be dismissed.

## CONCLUSION

Based on the above findings, **IT IS ORDERED** that Plaintiff's claims against Defendant Equifax are **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

January 17, 2025

Rebecca Grady Jennings, District Judge
United States District Court